UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

JAMES P. RYAN,                        *
                                      *
          Plaintiff,                  *
                                      *
     v.                               *        C.A. No. 20-11424-ADB
                                      *
ABOUD ALZAIM, et al.,                 *
                                      *
          Defendants.                 *
                                      *

MEMORANDUM AND ORDER

BURROUGHS, D.J.

        Plaintiff James P. Ryan brings this action against multiple Defendants including a

condominium association and one of its officers, a real estate franchise company, two engineers,

and a lawyer alleging fraud to create, and a conspiracy to use, a fraudulent structural report to

cause owners, including plaintiff, to sell their condominium units below market value.  Presently

before the Court are the Defendants' respective motions to dismiss. [ECF Nos. 38, 41, 44, 52,

54].  Plaintiff opposes the Defendants' motions and moves for appointment of counsel.  [ECF

No. 56, 57].  For the reasons set forth below, Plaintiff's motion for appointment of counsel [ECF

No. 56] is DENIED, Defendant Alzaim's motion to dismiss [ECF No. 38] is denied as moot as it

was superseded by his subsequent motion, and Defendants' motions [ECF Nos. 41, 44, 52, 54]

are otherwise GRANTED IN PART AND DENIED IN PART.

I.        BACKGROUND

        Plaintiff James P. Ryan ("Ryan" or "Plaintiff"), a resident of Saugus, Massachusetts, and

former owner of a condominium unit at the Sea N' Sand Condominiums in Dennis Port,

Massachusetts, initiated this action by filing a *pro se* complaint on July 20, 2020, and was

granted leave to amend on September 22, 2020.  Plaintiff's amended complaint [ECF No. 35] alleges two counts against all defendants (although it alleges multiple legal theories within those counts): Fraud and Deceit (Count 1) and Fraud & Swindles (18 U.S.C. § 1341) and Fraudulent Seal Use (18 U.S.C. § 1017) (Count 2).  *Id.* at ¶¶ 16 – 19.

The amended complaint names the following Defendants:  (1) Aboud Alzaim (engineer licensed in Massachusetts), (2) Brian Wall (lawyer licensed in Massachusetts); (3) John DeSousa (engineer licensed in Massachusetts); (4) Brian Hickox (real estate broker licensed in Massachusetts); (5) Leonard Copeland (condominium association officer); (6) Sea N Sand Condominium Board of Managers; (7) Keller Williams Realty International ("Keller Williams") including Gary Keller and Lynda Dragsbaek[1]; and (8) Troy Wall Associates (Massachusetts law firm).  *Id.* at ¶¶ 2 – 9.

In the amended complaint, Ryan alleges that the Defendants engaged in a "fraudulent scheme to obtain funds from James P. Ryan and others" and "carried out this scheme" over a protracted period of years.  *Id.* at ¶ 1; *see also id.* at ¶ 14 ("Commencing in or about, 2012, the defendants, acting singly or in concert with each other . . . engaged in a scheme to obtain funds from plaintiff and others, through false pretenses.").

More specifically, Ryan alleges that the Defendants "engaged in the creation and distribution of documents purported to be a Structural Engineer's Report outlining the dire conditions of [the Condominiums]."  *Id.* at ¶ 11.  The documents stated that the complex "needed to be razed or funded with $600,000 to $700,000 worth of repairs."  *Id.* at 1(b).  To fund the repair of the purported structural deficiencies identified in the Structural Engineer's Report

---

[1] Am. Compl. at ¶ 1(i).

2

("Structural Report"), "an emergency Special Assessment was created for hundreds of thousands of dollars." *Id.* at ¶ 12.

Ryan alleges that the Defendants' scheme included (1) Defendant Wall notifying condominium owners of the special assessment; (2) Defendant Hickox, a Keller Williams broker, making a presentation to condominium owners at the Dennis Port Public Library, (3) and Defendants Wall and Hickox pitching to condominium owners the "right of first refusal to buy their condominiums back after the new two story building was to be constructed." *Id.* at ¶¶ 15(A) – (D).

Ryan asserts that he "thwarted" attempts to move the scheme forward when he "became a 'whistleblower' by reporting the said actions [to the Massachusetts Division of Professional Licensure]." *Id.* at ¶ 15(E).  He further claims that an investigation by the Massachusetts Division of Professional Licensure determined that the Structural Report was inauthentic and that, in 2014, defendant DeSousa admitted to sufficient facts in Orleans District Court in response to a criminal charge of Unlicensed Engineering. *Id.* at ¶ 1(e).  According to Ryan,  the Defendants requested that Alzaim not "sue any of the parties for the false use of [Alzaim's] professional stamp while [Alzaim] purportedly 'never stepped foot' on the said Dennis Port property." *Id.* at ¶ 1(f).

Ryan goes on to allege that while he was disputing this matter, the Defendants, "through legal counsel Atty. Wall of Troy Wall Associates" directed Defendant Copeland "not to turn over any financial records, annual tax returns, annual audit, or documents." *Id.* at ¶ 1(g).  He complains that the Defendants failed to notify "past and current unit owners that said falsified documents were used at any time, thus negating any 'fiduciary responsibility' that said legal counsel and the Board of Managers is entrusted with at any given time." *Id.* at ¶ 1(h).  Ryan also

3

alleges that the Defendants provided Keller Williams' Franklin office "as the foundation for the Sea N' Sand 'Sell and Buy Back Project.'"  *Id.* at ¶ 1(i).

According to Ryan, several "long-time elderly owners sold at 'fire sale' prices, thus drawing down the fair market values of many similar condominium units in the Dennis Port area." *Id.* at ¶ 13.  Prior to the sale of his unit in August 2017, he learned "that the defendants had never replaced the [Structural Report] with an authentic Structural Engineer's Report to justify the monies collected." *Id.* at ¶ 18.

Ryan contends that he "closed on the property under Duress and that Atty. Wall and Father Leonard Copeland offered Mr. Ryan an NDA with $4,500 not to sue any of the parties." *Id.* at ¶ 19.  Based on the alleged conduct, Ryan alleges that he "has been deprived of over $50,000 and that the defendants have been, and may continue to be, unjustly enriched."  *Id.* at ¶ 17.

For relief, Ryan seeks to have this Court order the Defendants "to account for all the gains, profits, and advantages derived from the conduct complained herein, and entering judgment in favor of James P. Ryan and against the defendants in such amount."  *Id.* at ¶ 20(a).

## II.    STANDARD OF REVIEW

Defendants contend that the Court lacks subject-matter jurisdiction over Plaintiff's claims because there is no diversity jurisdiction and should therefore dismiss the case pursuant to Federal Rule of Civil Procedure 12(b)(1).  They also maintain that the amended complaint fails to state a claim upon which relief can be granted and should be dismissed under Federal Rule of Civil Procedure 12(b)(6).

"When faced with motions to dismiss under both 12(b)(1) and 12(b)(6), a district court, absent good reason to do otherwise, should ordinarily decide the 12(b)(1) motion first." *Ne.*

*Erectors Ass'n of the BTEA v. Sec'y of Labor, Occupational Safety & Health Admin.*, 62 F.3d 37, 39 (1st Cir. 1995) (citations omitted); *see also Deniz v. Municipality of Guaynabo*, 285 F.3d 142, 149 (1st Cir. 2002) ("When a court is confronted with motions to dismiss under both Rules 12(b)(1) and 12(b)(6), it ordinarily ought to decide the former before broaching the latter.").

In evaluating a motion to dismiss under Rule 12(b)(1) of the Federal Rules of Civil Procedure, the Court must determine whether the facts as alleged in the complaint, "taken at face value," support subject matter jurisdiction. *Gordo-González v. United States*, 873 F.3d 32, 35 (1st Cir. 2017). The Court "appl[ies] a standard of review 'similar to that accorded to a dismissal for failure to state a claim' under subsection 12(b)(6)." *Rodriguez v. Mass. Parole Bd.*, No. 16-cv-11113, 2017 U.S. Dist. LEXIS 24705, at *5–6 (D. Mass. Feb. 22, 2017) (quoting *Menge v. N. Am. Specialty Ins. Co.*, 905 F. Supp. 2d 414, 416 (D.R.I. 2012)). The Court must "accept the factual averments of the complaint as true, and construe those facts in the light most congenial to [Plaintiffs'] cause." *Royal v. Leading Edge Prods.*, 833 F.2d 1, 1 (1st Cir. 1987). "Dismissal can be justified only if it clearly appears that no colorable hook exists upon which subject matter jurisdiction can be hung." *Id.* Even so, "a plaintiff who seeks to bring her suit in a federal forum bears the burden of establishing that the federal court has subject-matter jurisdiction." *Klimowicz v. Deutsche Bank Nat'l Tr. Co.*, 907 F.3d 61, 64 (1st Cir. 2018).

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) challenges a party's complaint for failing to state a claim. In deciding such a motion, a court must "accept as true all well-pleaded facts and draw all reasonable inferences therefrom in the pleader's favor." *Keach v. Wheeling & Lake Erie Ry. Co. (In re Montreal, Me. & Atl. Ry., Ltd.)*, 888 F.3d 1, 6 (1st Cir. 2018); *González v. Vélez*, 864 F.3d 45, 50 (1st Cir. 2017). Under Rule 9(b), "a party must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). Thus, to

5

survive dismissal, a plaintiff must specify "'the time, place, speaker, and content of the alleged misrepresentations;' how the misrepresentations were fraudulent; and the details that 'give rise to a strong inference that the defendants had an intent to defraud, knowledge of the falsity, or a reckless disregard for the truth.'" *Schwartzco Enters. LLC v. TMH Mgmt., LLC*, 60 F. Supp. 3d 331, 344 (E.D.N.Y. 2014) (quoting *Cohen v. S.A.C. Trading Corp.*, 711 F.3d 353, 359 (2d Cir. 2013)).

Because Plaintiff is proceeding *pro se*, he is entitled to a liberal reading of his allegations, no matter how inartfully pled. *See Haines v. Kerner*, 404 U.S. 519, 520–21 (1972); *Rodi v. New Eng. Sch. of Law*, 389 F.3d 5, 13 (1st Cir. 2004).

## III.   MOTION TO APPOINT COUNSEL

Ryan has filed a motion requesting that the Court appoint counsel to represent him in this action.  [ECF No. 56].  In his opposition to the pending motions to dismiss, Ryan reminds the Court that he is proceeding *pro se*, and that he has requested appointment of counsel.  [ECF No. 57].  The *in forma pauperis* statute permits the Court to "request an attorney to represent any person unable to afford counsel."  28 U.S.C. §1915(e)(1).  Although this Court has statutory authority to appoint counsel, there is no constitutional right to a free lawyer in a civil case.  *See DesRosiers v. Moran,* 949 F.2d 15, 24 (1st Cir. 1991).  Because this action is being dismissed for lack of subject matter jurisdiction, the request for appointment of counsel is DENIED.

## IV.   DISCUSSION

### 1.  The Court Lacks Subject Matter Jurisdiction

A federal court is a court of limited jurisdiction, and it may adjudicate only those cases authorized by the Constitution and by Congress.  *See Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994).  "[T]he requirement of subject-matter jurisdiction 'functions as a

restriction on federal power.'" *Fafel v. Dipaola*, 399 F.3d 403, 410 (1st Cir. 2005) (quoting *Insurance Corp. of Ireland v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 702 (1982)).

Federal district courts may exercise jurisdiction over civil actions arising under federal law, *see* 28 U.S.C. § 1331 ("§ 1331"), and over certain actions in which the parties are of diverse citizenship and the amount in controversy exceeds $75,000, *see* 28 U.S.C. § 1332 ("§ 1332"). Consequently, a plaintiff who seeks to bring his suit in a federal forum bears the burden of establishing that the federal court has subject-matter jurisdiction. *See Gordo-González*, 873 F.3d at 35.

### A.  The Court Lacks Diversity Jurisdiction Under 28 U.S.C. § 1332

Where a party seeks to invoke the jurisdiction of a federal district court under § 1332, the parties must be completely diverse. *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996).  Diversity of citizenship exists "when there is complete diversity, that is, when no plaintiff is a citizen of the same state as any defendant." *Gabriel v. Preble*, 396 F.3d 10, 13 (1st Cir. 2005) (citing *Strawbridge v. Curtiss*, 7 U.S. 267, 267 (1806); *Am. Fiber & Finishing, Inc. v. Tyco Healthcare Group, LP*, 362 F.3d 136, 139 (1st Cir. 2004)).

Ryan argues in his opposition that despite the lack of complete diversity of citizenship among the parties, this "court retains the authority to adjudicate this matter."  Pl. Opp. [ECF No. 57] at p. 6.  He also asserts that he meets the jurisdictional amount for diversity jurisdiction.  *Id.*

Here, there is not complete diversity given that Ryan and the majority of the Defendants are citizens of Massachusetts.  Because there is not complete diversity of citizenship among the parties, the Court does not have subject-matter jurisdiction over the action pursuant to § 1332.

### B.  The Court Lacks Federal Question Jurisdiction Under 28 U.S.C. § 1331

Plaintiff's amended complaint alleges violations of 18 U.S.C. § 1017 and 18 U.S.C. § 1341.  In his opposition, Ryan "concedes that the statutes he cited may not properly portray his claims of the fraud that was perpetrated upon him."  Pl. Opp. [ECF No. 57] at p. 2.  He then references 18 U.S.C. § 1001, the criminal statute for making false statements.  *Id.*

Even though the Court construes the claims in the light most favorable to Ryan, there is no private right of action for the criminal violations alleged.  This is because private citizens, such as Ryan, lack "a judicially cognizable interest in the prosecution or nonprosecution of another."  *Willoughby v. Town of Tisbury*, 750 F. Supp. 2d 374, 381, n. 57 (D. Mass. 2010) (citing *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973)).

More specifically, to the extent Ryan seeks to assert a claim under 18 U.S.C. § 1341, this statute does not create a private right of action to bring a civil action.  *See*, *e.g.*, *Liu v. Amerco*, 677 F.3d 489, 494 (1st Cir. 2012) (holding that no private right of action exists under § 1341 et seq.); *Wisdom v. First Midwest Bank, of Poplar Bluff*, 165 F.3d 402, 408 (8th Cir. 1999) (holding that no private right of action exists under 18 U.S.C. §§ 1341 or 1343).

Similarly, 18 U.S.C. § 1001 is a "criminal statute[ ] which contain[s] no explicit or implicit private right of action."  *Nasuti v. U.S. Sec'y of State John Forbes Kerry*, 137 F. Supp. 3d 132, 141 (D. Mass. 2016).

Section 1017 of Title 18 concerns misuse of a government seal in that it "criminalizes the use of a document to which a government seal has been fraudulently affixed where the user acts with knowledge of the document's fraudulent character, and with wrongful or fraudulent intent."  *United States v. Godfrey*, 787 F.3d 72, 79-80 (1st Cir. 2015).  Because Section 1017 is a federal criminal statute, it does not apply to any seal of the Commonwealth of Massachusetts or its political subdivisions.

8

In sum, the only federal statutes referenced in the amended complaint are criminal statutes that do not provide a private right of action. Because Plaintiff's claims do not arise under federal law, the Court does not have subject-matter jurisdiction over the action pursuant to § 1331.

### C. Jurisdiction Over Remaining Claims

Because there is no subject matter jurisdiction, the merits of the Rule 12(b)(6) motions need not be reached.

Further, once the federal claims giving rise to original jurisdiction are dismissed, the Court "may decline to exercise supplemental jurisdiction" over the remaining state law claims. 28 U.S.C. § 1367(c)(3). In deciding whether to decline supplemental jurisdiction, courts consider several factors, including "fairness, judicial economy, convenience, and comity." *Desjardins v. Willard*, 777 F.3d 43, 45 (1st Cir. 2015). "[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine—judicial economy, convenience, fairness, and comity—will point toward declining to exercise jurisdiction over the remaining state-law claims." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988). Having concluded that this federal court is without subject matter jurisdiction, this Court will decline exercise supplemental jurisdiction over any state law claims.

## V. CONCLUSION

Accordingly:

1.      Plaintiff's motion for appointment of counsel [Dkt. No. 56] is DENIED.

2.      Defendants' motions to dismiss [ECF Nos. 41, 44, 52, 54] are GRANTED insofar as they assert lack of subject matter jurisdiction pursuant to Rule 12(b)(1) and DENIED without

prejudice to the extent that dismissal is sought under Rule 12(b)(6).  Because of the absence of federal jurisdiction, Plaintiff's pendent state law claims are also DISMISSED WITHOUT PREJUDICE.

3.     Defendant Alzaim's motion to dismiss [ECF No. 38] is denied as moot as it was superseded by his subsequent motion [ECF No. 44].

4.     The Clerk will enter a dismissal and close the case.

**SO ORDERED.**

April 8, 2021                                    /s/ Allison D. Burroughs
                                                 ALLISON D. BURROUGHS
                                                 U.S. DISTRICT JUDGE